UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-09328-FWS-JPR                                    Date: August 23, 2023
Title: Milkcrate Athletics Inc. v. Adidas America, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DISMISSING CASE WITHOUT PREJUDICE**

**I.      Relevant Background**

   This case was first filed in the Central District of California on December 1, 2021, although the dispute between the parties originated in the Southern District of New York in July 2021. (*See* Dkt. 43 at 4-5 (citing Dkt. 24-2 ¶ 2 & Exh. 1).) In the Complaint, Plaintiff Milkcrate Athletics, Inc. ("Plaintiff") asserted causes of action against Defendant Adidas America Inc. ("Defendant") and former Defendant Victor Pitre[1] for copyright infringement, violation of the Lanham Act, violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"). (Dkt. 1.)

   Defendant first moved to dismiss Plaintiff's copyright claim and for fees and costs on February 18, 2022, which the previous court deemed moot after Plaintiff filed a First Amended Complaint in lieu of an opposition. (Dkts. 16, 21, 23.) The First Amended Complaint incorporated new factual allegations but retained the same claims. (*Compare* Dkt. 21, *with* Dkt. 1.) Defendant renewed its motion to dismiss and for fees and costs on March 18, 2022, (Dkt. 24), which this court ruled on after the case's reassignment. (Dkts. 32, 43.) In the court's August 4, 2022 order, the court granted Defendant's motion to dismiss the First Amended

---

[1] Mr. Pitre was dismissed without prejudice from this action pursuant to the parties' stipulation on September 8, 2022. (Dkt. 49.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09328-FWS-JPR | Date: August 23, 2023 |
| Title: Milkcrate Athletics Inc. v. Adidas America, Inc. *et al.* | |

Complaint's copyright claim with leave to amend, and found Defendants were entitled to certain costs incurred in connection with the Southern District of New York proceedings under Rule 41(b).  (Dkt. 43.)

Plaintiff filed the Second Amended Complaint shortly after, retaining the same causes of action but augmenting the supporting factual allegations.  (Dkt. 45.)  Defendant again moved to dismiss the Second Amended Complaint's copyright claim on September 8, 2022 and further sought to strike or dismiss new allegations of an additional registered copyright as beyond the scope of the court's grant of leave to amend.  (Dkt. 47.)  In its order on November 9, 2022, the court dismissed the copyright claim on its merits for the second time but denied the motion to strike or dismiss.  (Dkt. 54)  The court granted Plaintiff leave to amend but required Plaintiff to file an amended complaint within fourteen days.  (*Id.*)

Unfortunately, the case stalled.  Plaintiff's counsel began experiencing serious health issues, and so the court granted the parties' stipulations to stay the case until April 14, 2023.  (Dkts. 55-59.)  Plaintiff filed the Third Amended Complaint on March 2, 2023, which remains the operative complaint.  (Dkt. 60.)  In it, Plaintiff omitted the copyright claim but retained the Lanham Act and UCL claims.  (*Id.*)  Citing Plaintiff's counsel continued health struggles, the demands of ongoing chemotherapy, and unresolvable differences in litigation strategy between counsel and client, Plaintiff's counsel moved to withdraw from the case on March 9, 2023, which was set for hearing on April 10, 2023.  (Dkts. 61-63.)

The court, per its usual practice of requiring the identification of a substitute representative for an entity defendant incapable of appearing *pro se* prior to granting an attorney's withdrawal, *see In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994), continued the motion to withdraw to May 18, 2023.[2]  Because Plaintiff's counsel continued to experience

---

[2] *See also CE Res., Inc. v. Magellan Grp., LLC*, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) ("It is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment."); *Chavez v. Won*, 2020 WL 5642342, at *3 (E.D. Cal. Sept. 22, 2020) (same); *Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd*, 2021 WL 927359, at *3 (S.D. Cal. Mar. 11, 2021) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09328-FWS-JPR | Date: August 23, 2023 |
| Title: Milkcrate Athletics Inc. v. Adidas America, Inc. *et al.* | |

debilitating health issues, the parties submitted two stipulations seeking to extend the stay by approximately thirty days, each, or ultimately until June 26, 2023. (Dkts. 67, 69.) The court granted both with the exception of keeping the May 18, 2023 withdrawal motion on calendar. (Dkts. 68, 71.) In both its orders granting the parties' stipulations, the court noted "[t]his will offer additional time for Milkcrate Athletics Inc. to retain new counsel." (Dkt. 68 at 2; *accord* Dkt. 71 at 2.) However, because that had not occurred as of the May 18, 2023 hearing, the court continued the motion to withdraw until June 22, 2023. (Dkt. 69.)

At the June 22, 2023 hearing, the court granted the motion to withdraw even though substitute counsel had not been secured given the circumstances of Plaintiff's counsel's ongoing health issues, who appeared at oral argument remotely from a hospital bed. (*See* Dkts. 73-74.) The court directed Plaintiff's representative, who is not an attorney, to secure substitute counsel on or before July 27, 2023 and set a status conference for that date. (Dkt. 74.) After receiving correspondence from Plaintiff's representative indicating he would not be able appear at the hearing, the court continued the matter to August 10, 2023. (Dkt. 75; *see* Dkt. 80.) The court then received similar correspondence from Plaintiff's representative indicating he would again be unable able appear at that hearing, and so the court continued the matter to August 17, 2023. (Dkt. 75; *see* Dkt. 80.) Defendant has served the Plaintiff's representative with each order continuing the status conference per the court's order. (Dkts. 76, 78; *see also* Dkt. 84 (proof of service of minutes of status conference filed by Defendant).)

The matter came up for hearing on August 17, 2023. (Dkt. 83.) Plaintiff's representative indicated he would be unable to attend this conference as well. (Dkts. 80, 82.) The court declined to continue the matter further, however. (Dkt. 81.) The court noted its previous statement in its last continuance order that "[a]bsent truly exceptional circumstances, the court is disinclined to continue the status conference in this matter further." (*Id.* at 1 (quoting Dkt. 77 n.1).) The court further noted that Plaintiff had "multiple month[s]" since the court put it on notice substitute representation was necessary to move forward with the case on April 10, 2023, and suggested that Plaintiff likely should have known it needed to secure new counsel when Plaintiff's former counsel moved to withdraw in early March 2023. (*Id.* at 2 n. 2.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09328-FWS-JPR | Date: August 23, 2023 |
| Title: Milkcrate Athletics Inc. v. Adidas America, Inc. *et al.* | |

Plaintiff nor any representative for Plaintiff appeared at the August 17, 2023, hearing. (Dkt. 83.) Counsel for Defendant did, and argued that this case should be dismissed with prejudice in light of Plaintiff's failure to secure counsel despite numerous opportunities and a significant time period allotted to do so. As explained in more detail below, the court finds dismissal for failure to prosecute is warranted, but without prejudice.

### II.   Dismissal for Failure to Prosecute is Warranted

In considering whether to dismiss a cause for failure to prosecute or failure to comply with a court order, the court considers five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors strongly favor dismissal. As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). This matter has essentially stalled for the past five months, and while the court does not fault Plaintiff's counsel for the serious health issues he unexpectedly began to suffer, Plaintiff had that entire period of time to secure substitute counsel but did not. With respect to the second factor, the delay in this action and subsequent court orders attempting to set the status conference finally held on August 17, 2023, "has consumed some of the court's time that could have been devoted to other cases on the docket." *Id.*

The third factor, risk of prejudice to Defendant, also favors dismissal. "The law presumes injury from unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994), and "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09328-FWS-JPR                              Date: August 23, 2023
Title: Milkcrate Athletics Inc. v. Adidas America, Inc. *et al.*

___

to trial or threaten to interfere with the rightful decision of the case," *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (citation omitted).  As noted, progress in this case has halted because Plaintiff has not found replacement counsel or sufficiently indicated it will be represented in the future despite receiving at least four months' notice of the necessity of substitution.  Accordingly, extending the already unusually long delay in the progress of this case presumptively prejudices Defendant, and therefore this factor favors dismissal.

Generally, the fourth factor, the public policy favoring the disposition of cases on their merits, weighs against dismissal.  *Hernandez*, 138 F.3d at 399.  The court has previously addressed the merits of Plaintiff's copyright claim in this action twice.  (Dkts. 43, 54.)  However, the Third Amended Complaint brings only claims under the Lanham Act and UCL, and the court has not yet had an opportunity to consider the merits of either.  Thus, this factor still weighs against dismissal, but it "lends little support" given Plaintiff's inability to secure counsel has "impede[d] progress" towards the resolution of those claims on their merits.  *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations and internal quotation marks omitted omitted).

Finally, the court finds less drastic sanctions are not available.  As stated, Plaintiff's counsel first moved to withdraw five months ago on March 9, 2023, and the court explicitly advised that Plaintiff could not appear as a corporation without counsel in this action four months ago on April 10, 2023.  The court has repeatedly extended the parties' stipulated stay of this action and continued the status conference in this matter twice after its expiration as accommodations, but no substitute counsel was secured in the interim.  At bottom, the case is unable to progress and there are no indications from Plaintiff or its representatives that representation will be secured in the definite future enabling this litigation to resume.  For that reason, and particularly in light of the significant time period this action remained pending for Plaintiff to secure substitute counsel, the court finds administering lesser sanctions would be both ineffective and unnecessary.

All factors favor dismissal.  The court will therefore dismiss the case.  *See Baca v. Ewing*, 402 F. App'x 286, 287 (9th Cir. 2010) (affirming dismissal without prejudice where plaintiff did not comply with local rule and failed to appear in response to court order).  Accordingly,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09328-FWS-JPR                                     Date: August 23, 2023
Title: Milkcrate Athletics Inc. v. Adidas America, Inc. *et al.*

this case is **DISMISSED** for failure to prosecute and comply with the court's order[3] directing counsel Plaintiff or its representative in counsel's absence to appear at the status conference held on August 17, 2023. *See* Fed. R. Civ. P. 41(b); *Pagtalunan*, 291 F.3d at 643 (9th Cir. 2002) (affirming dismissal where three factors weighed in favor and two factors weighed against dismissal). The court's dismissal is **WITHOUT PREJUDICE** given the court has not yet ruled on the merits of the UCL and Lanham Act claims in the Third Amended Complaint. *Compare Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996) (describing dismissal as a "severe penalty" that is appropriate in "extreme circumstances"), *with McDermott v. Palo Verde Unified Sch. Dist.*, 638 F. App'x 636, 638 (9th Cir. 2016) (noting a dismissal *without prejudice* is "one of the lightest sanctions available").

Counsel for Defendant Adidas America, Inc., are **ORDERED** to serve Aaron LaCanfora with a copy of this Order.

The Clerk is respectfully directed to **CLOSE** the case file.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

---

[3] (Dkt. 81 at 2 ("Per the court's initial Order setting the status conference, (Dkt. 74 at 2), Counsel for Plaintiff, or [Plaintiff's representative] if no counsel for Milkcrate appears, and counsel for Defendant Adidas America, Inc., are ORDERED to appear at the status conference without further notice or order from the court.") (bolding removed); *see also* Dkt. 77 at 1 (same); Dkt. 75 at 1 (same); Dkt. 74 at 2 (same).)